# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN POYNER, | 1:14-cv-01585-AWI-BAM (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| A. M. GONZALES, | THIRTY-DAY DEADLINE |
| Defendant. | |

### I. Screening Requirement and Standard

Plaintiff Jonathan Poyner ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 9, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Avenal State Prison in Avenal, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Coalinga State Prison. Plaintiff names Correctional Lieutenant A. M. Gonzales as the sole defendant.

Plaintiff alleges as follows:

> Defendant Correctional Lieutenant A. M. Gonzales, on 12/07/13 was the Senior Hearing Office (SHO) during a disciplinary proceeding.  Upon a guilty finding by said SHO, plaintiff received a time loss of 90dys and 90dys loss of privilege.  As a result, plaintiff was not allow any "OUtdoor Exercise" during this 90dy period. Due to no exercise and fresh air, plaintiff who suffers from respitory disease (Asthma) developed progressive breathing disorder.  It is clearly establish law that prisoners have a right to outdoor exercise which supercede a priviledge.  Plaintiff contends that has right to outdoor exercise was arbitrary and capricious as he did not pose a threat to safety nor security during that 90dy period.  Yard is a right that can be limited, not eliminated.

(ECF No. 1, p. 3) (unedited text).  Plaintiff seeks compensatory and punitive damages.

///

### III. Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Deprivation of outdoor exercise by prison officials may constitute cruel and unusual punishment in violation of the Eighth Amendment. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). As a general rule, prisoners may not be deprived of regular exercise. Toussaint v. McCarthy, 597 F.Supp. 1388, 1393 (N.D. Cal. 1984), rev'd on other grounds 801 F.2d 1080 (9th Cir. 1986). However, prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances or disciplinary needs. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979); LeMaire v. Maass, 12 F.3d 1444, 1457-58 (9th Cir. 1993).

Here, Plaintiff alleges that he was deprived of outdoor exercise due to the loss of his yard privileges. Plaintiff admits that the loss of yard privileges was the result of a disciplinary hearing. As such, the action of prison officials in restricting Plaintiff's outdoor exercise was not a violation of the Eighth Amendment. See Spain, 600 F.2d at 199; see also Kennedy v. Hayes, 2010 WL 5440805, *13 (E.D. Cal. Dec. 28, 2010) (prisoner alleging loss of outdoor exercise for ninety days as a result of a disciplinary hearing failed to state a claim on Eighth Amendment grounds).

Plaintiff asserts that he developed breathing problems because of the loss of yard privileges. However, for a deprivation of exercise to rise to the level of a constitutional violation, there must be evidence that a defendant was deliberately indifferent to the plaintiff's needs. See May v. Baldwin, 109 F.3d 557, 565-66 (9th Cir. 1997); Kennedy, 2010 WL 5440805 at * 13. Plaintiff does not allege that Defendant Gonzales was deliberately indifferent to his need for exercise for medical reasons. Indeed, Plaintiff does not allege that Defendant Gonzales knew of Plaintiff's asthma or that Plaintiff was developing any breathing difficulties or other medical issues because of his loss of yard privileges.

Plaintiff will be given leave to cure these deficiencies.

///

///

**IV.     Conclusion and Order**

Plaintiff's complaint fails state a claim upon which relief may be granted.  As noted, the Court will grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed with leave to amend;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4.     <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **March 2, 2015**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE