# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN POYNER,<br><br>        Plaintiff,<br><br>  v.<br><br>A. M. GONZALES,<br><br>        Defendant. | 1:14-cv-01585-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

## Findings and Recommendations

### I.   Screening Requirement and Standard

Plaintiff Jonathan Poyner ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2015, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's amended complaint, filed on April 15, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Avenal State Prison in Avenal, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Corcoran State Prison.  Plaintiff names the following defendants:  (1) Correctional Officer F. Espinoza; (2) Correctional Officer D. Menzie; (3) Correctional Officer G. Vidana; and (4) Correctional Lieutenant A. M. Gonzales.

Claim 1:

In Claim 1, Plaintiff alleges as follows:

> During a Ninty [sic] (90) day period defendant F. Espinoza was the 3C04 Control Booth Officer, who failed to provide me with my 1hr of outdoor exercise 5dys per week.  D. Menzie, was working as 3C04 Floor Officer and refuse to allow me my 1hr of outdoor exercise 5dys per week.  G. Vidana, was working as 3C04 Floor

2

1
2
3
4
5
6

Officer, who failed to provide me with my 1hr of outdoor exercise 5dys per week. A. M. Gonzales, was the Correctional lieutenant who failed to assure that I received my 1hr of outdoor exercise 5dys per week and all of the aforementioned defendants were aware of this clear requirement. My outdoor exercise is a right, not a privilege that can be totally deprived without a showing of safety and security concerns. While the law does require prison officials to restrict outdoor exercise as a result of disciplinary action, such a restriction is limited to the 1hr of outdoor exercise 5dys per week. I did not receive 1hr of outdoor exercise for a full period of 90dys. As a result, I suffered medical injuries.

7  (ECF No. 9, pp. 3-4).

8  Claim 2:

9  In Claim 2, Plaintiff alleges as follows:

10
11
12
13
14
15
16

Defendants F. Espinoza, D. [Menzie], G. Vidana, and A. M. Gonzales, dprived [sic] me of a serious medical need as a result of not allowing me outdoor exercise for a period of Ninty [sic] (90) days. Due to the denial of outdoor exercise, I was forced to suffer from increased Asthma flare-ups and more than usual relife [sic] from my rescue inhaler. I am a known Asthmatic to all of the aforementioned defendants. I personally made each of the defendants aware of my medical need for outdoor exercise as well as the Facility 3C medical doctor Yoon Moon, who informed me that it was an issue with the custody staff. In addition, I informed the defendants that I was starting to experience sever [sic] muscle cramps in my back znd legas [sic] as a result of a lack of outdoor exercise. Their response was, "we don't care."

17  (ECF No. 9, p. 4.)

18  Plaintiff seeks compensatory and punitive damages, along with discovery.

19  **III.   Discussion**

20  **A.  Eighth Amendment-Cruel and Unusual Punishment**

21  The Eighth Amendment's prohibition against cruel and unusual punishment protects
22  prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041,
23  1045 (9th Cir. 2006). Deprivation of outdoor exercise by prison officials may constitute cruel
24  and unusual punishment in violation of the Eighth Amendment. Allen v. Sakai, 48 F.3d 1082,
25  1087 (9th Cir. 1995). As a general rule, prisoners may not be deprived of regular exercise.
26  Toussaint v. McCarthy, 597 F.Supp. 1388, 1393 (N.D. Cal. 1984), rev'd on other grounds 801
27  F.2d 1080 (9th Cir. 1986). However, prison officials may restrict outdoor exercise on the basis
28

3

of weather, unusual circumstances or disciplinary needs. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979); LeMaire v. Maass, 12 F.3d 1444, 1457-58 (9th Cir. 1993).

Here, Plaintiff alleges that he was deprived of outdoor exercise for a period of ninety days. Unlike his original complaint, Plaintiff omits that the loss of yard privileges was the result of a disciplinary hearing. However, the action of prison officials in restricting Plaintiff's outdoor exercise as a result of a disciplinary hearing was not a violation of the Eighth Amendment. See Spain, 600 F.2d at 199; see also Kennedy v. Hayes, 2010 WL 5440805, *13 (E.D. Cal. Dec. 28, 2010) (prisoner alleging loss of outdoor exercise for ninety days as a result of a disciplinary hearing failed to state a claim on Eighth Amendment grounds). Further, there is no indication that Plaintiff was prevented from exercising inside or outside of his cell or that he was confined to his cell for a period of ninety days.

### B. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

Plaintiff asserts that he developed breathing problems because of the loss of yard privileges and that he developed muscle cramps. For a deprivation of exercise to rise to the level of a constitutional violation, there must be evidence that a defendant was deliberately indifferent to the Plaintiff's needs. See May v. Baldwin, 109 F.3d 557, 565-66 (9th Cir. 1997); Kennedy, 2010 WL 5440805 at * 13. Here, Plaintiff alleges that defendants were aware of his asthma and his medical need for outdoor exercise. Nonetheless, Plaintiff's assertion of medical need is contradicted by allegations in the amended complaint that he spoke with the medical doctor, who informed Plaintiff it was an issue with custody staff. There is no indication or allegation that the medical doctor found any medical need for outdoor exercise due to Plaintiff's asthma.

Plaintiff also alleges that defendants were deliberately indifferent to his claim of muscle cramps in his back and legs. As noted above, however, there is no indication that Plaintiff was precluded from exercising inside or outside of his cell or that he was confined to his cell for a period of ninety days with no ability to stretch, move or exercise. May, 109 F.3d at 566 (confining an inmate to his cell for less than 24 hours in order to encourage compliance with prison security regulations does not rise to the level of deliberate indifference).

///

### IV. Conclusion and Recommendation

Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, it does not appear that the deficiencies are capable of being cured by amendment. Therefore, further leave to amend is not warranted. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839, (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 28, 2015**        /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE